**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: November 4, 2025

S25A1259. COLLINS v. THE STATE.

LAND, Justice.

Charles Collins appeals his convictions for malice murder and other crimes in connection with the shooting death of his wife, Deborah Collins ("Deborah").[1] Collins's sole enumeration of error on appeal is that there was insufficient evidence to support his convictions. Because that issue has been abandoned on appeal, we

---

[1] Deborah was killed on July 24, 2023. On October 9, 2023, a Cherokee County grand jury indicted Collins for malice murder (Count 1), felony murder (Count 2), aggravated assault (family violence) (Count 3), and possession of a firearm during the commission of a felony (Count 4).

At a trial from January 22 to 29, 2024, the jury found Collins guilty of all charges. The trial court sentenced Collins to serve life in prison without the possibility of parole for Count 1 and a consecutive term of five years for Count 4. Count 2 was vacated by operation of law, and the trial court merged Count 3 into Count 1 for sentencing purposes.

On February 2, 2024, Collins filed a motion for new trial. After Collins's trial counsel withdrew, new appellate counsel was appointed. After a hearing, the trial court denied Collins's motion for new trial. On November 14, 2024, Collins filed a notice of appeal. The case was docketed to this Court's August 2025 term and submitted for a decision on the briefs.

affirm.

"Any enumerated error or subpart of an enumerated error not supported by argument, citations to authority, and citations to the record shall be deemed abandoned." Ga. Sup. Ct. R. 22(1). Thus, litigants must "ensure that argument, citation to authority, and citation to the record are all present to avoid having an enumeration deemed abandoned." *Byrd v. State*, 321 Ga. 222, 225 (2025). Although Collins quotes the standard of review for his sufficiency challenge, sets out the elements of each offense for which he was convicted, and cites to the record, he has not made any argument whatsoever that the evidence was constitutionally insufficient to support his convictions. As a result, Collins has not provided us "with any meaningful opportunity to analyze why the record evidence does not support his convictions." Id. at 226 (holding that the appellant abandoned the sufficiency-of-the-evidence issue because, although he cited some authority, included record citations, and asserted the constitutional insufficiency of the evidence, he nevertheless failed to make any specific argument in that regard).

Where a defendant seeks to challenge his conviction on sufficiency of evidence grounds, he must "articulate how and why the evidence was not sufficient, given the elements of and defenses presented with respect to each conviction being challenged on sufficiency grounds." Id. at 227. Collins's failure to articulate why the evidence in this case was insufficient compels us to conclude that the sole issue on appeal has been abandoned, and the judgment therefore must be affirmed. See Ga. Sup. Ct. R. 22(1); *Gonzalez v. State*, __ Ga. __ (2025), S25A1036, slip op. (Ga. Oct. 15, 2025) (2025 WL 2918844); *Byrd*, 321 Ga. at 227.

*Judgment affirmed. All the Justices concur, except Pinson, J., not participating.*